UNITED STATES v. CONYNGHAM et al.[1]

*Execution.—Constructive fraud.*

Goods, though chiefly household furniture, suffered to remain in the possession of the defendant, for more than a year after a levy, are liable to a subsequent execution.[2]

THIS cause came before the Court, on a case stated for their opinion, in the following terms :

" At the term of September 1798, judgment was obtained in the supreme court of Pennsylvania, at the suit of John Travis et al. v. Francis and John West, for 1365l. 3s. 9d. debt, and 6d. costs. A *fieri facias* issued under the said judgment, returnable to December term 1798, under which certain goods and chattels,(a) belonging to the defendants, were levied on and taken in execution, by the sheriff of the county of Philadelphia, on the 8th day of January 1799. The 8th of January 1799, the said John Travis and others, plaintiffs in the said action, for a full and valuable consideration, to them paid by the defendants in this action, assigned the judgment, and all the moneys due thereon, to them, the said David H. Conyngham and John M. Nesbitt. The goods and chattels so as aforesaid levied upon, were, with the assent and approbation of the said plaintiffs in the said judgment, before the said assignment, and by the defendants in this action, since the said assignment, and by the sheriff, with the assent and approbation aforesaid, permitted to be and remain *in the possession of the said Francis and [*359 John West, until the levying of the execution hereinafter mentioned.

" At the August sessions 1797, of the district court of the United States for the Pennsylvania district, judgment was obtained, at the suit of the United States, against the said Francis and John West, under which judgment, a writ of *fieri facias* was issued, and on the 13th day of January 1800, was levied on the same goods and chattels, then being in the possession of the said Francis and John West, or one of them. On or about the 20th day of April 1801, after a time had been fixed, by the marshal of the United States, for the sale of the property so levied on by him, at the suit of the United States, and after advertisements had been put up in the most public places of the city of Philadelphia, notifying the time and place of such sale, the present defendants, for the first time, gave notice of the prior execution before mentioned. Notice was given to the marshal, that if he proceeded on the sale, an action would be brought against him ; and it was, therefore, agreed, that the goods should be appraised by sworn appraisers, which was done, and the value thereof, according to the appraisement, amounting to $1557.75, is admitted to be in the hands of the defendants in this action.

---

(a) It was agreed, on the argument, to state, that the goods were principally household furniture.

[1] s. c. Wall. C. C. 178.   [2] See the remarks of Judge DUNCAN, in Dean v. Patton, 13 S. & R. 345

Knox v. Greenleaf.

"The question submitted to the court is, whether, on the preceding cir·cumstances, the execution issued by John Travis *et al.* can be supported against the execution subsequently issued by the United States. If the court shall be of opinion in the affirmative, then judgment to be given for the de·fendant, otherwise, for the plaintiff.

"January 30th, 1802.                    A. J. DALLAS, for plaintiff.

                                        MOSES LEVY, for defendant."

The question was discussed by *Rawle* and *Dallas,* for the plaintiff, and by *Lewis* and *Levy,* for the defendant ; the former relying on the authorities in the English books : 1 Ves. 245–6 ; 1 Wils. 44 ; 7 Mod. 37 ; 10 Vin. Abr. 561, 568 ; Peake N. P. 65 ; 1 Salk. 320 ; Carth. 420 ; 2 Vern. 238 ; Ld. Raym. 251 ; Cowp. 712 ; 1 T. R. 729 ; 1 Esp. 205. And the latter relying on the decisions of the courts of Pennsylvania, varying the English rule of law, according to the peculiar circumstances of the country. See *ante,* p. 165, 208, 213.(*a*)

THE COURT, after great deliberation and research, delivered elaborate opinions, *seriatim,* upon the principles and authorities connected with the discussion ; expressed their regret at differing from the decisions of the state courts ; and unanimously gave judgment for the plaintiff.